**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

FRANK SILOUANGKHOTH,

      Defendant - Appellant.

No. 13-4014
(D.C. No. 2:10-CR-00821-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **PHILLIPS**, Circuit Judges.[**]

Defendant-Appellant Frank Silouangkhoth appeals from a district court judgment sentencing him to 60 months' imprisonment. I R. 534-35, 541. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

Mr. Silouangkhoth pled guilty to one count of conspiracy to possess with intent to distribute MDMA and BZP in violation of 21 U.S.C. § 846 pursuant to a written plea agreement. III R. ¶ 3. Mr. Silouangkhoth was held responsible for conspiring to distribute 4,268 MDMA tablets and 14,710 BZP tablets. III R. ¶ 21; Aplt. Br. 6. In the presentence report ("PSR"), the probation office used the Sentencing Guideline's drug equivalency tables, U.S. Sentencing Guidelines Manual § 2D1.1, cmt. app. n.8(d) (2012), to convert the MDMA and BZP to a marijuana equivalent, resulting in a base offense level of 28. III R. ¶¶ 21, 26. After applying the relevant adjustments, the PSR calculated Mr. Silouangkhoth's total offense level at 27 with a criminal history category of I, resulting in a guideline range of 70-87 months. Id. at ¶¶ 34, 38, 52.

In his sentencing memorandum, Mr. Silouangkhoth objected to the PSR, arguing that the guideline range overstated the seriousness of his offense. I R. 21. Specifically, he asserted that the MDMA-to-marijuana equivalency rate of 500:1, U.S.S.G. § 2D1.1, cmt. app. n.8(d), did not accurately reflect the "mild" dangers of MDMA; application of that ratio would thus produce a sentence "greater than necessary" to achieve the purposes of sentencing in contravention of 18 U.S.C. § 3533(a). I. R. 21-22. In support of his argument, Mr. Silouangkhoth offered extensive background information as to the Sentencing Commission's adoption of the 500:1 ratio, a summary of a hearing before another district court that

disagreed with the ratio, and medical and sociological studies assessing the relative harm of MDMA and other drugs.  Id. at 24-30.  He urged the district court to adopt a 1:1 equivalency ratio, or, alternatively, 35:1 or 200:1 ratios.  Id. at 33.

At the sentencing hearing, Mr. Silouangkhoth also challenged the Guidelines' typical weight per unit measurement for MDMA.  II R. 27.  When the number of pills but not the weight of the actual controlled substance is known, as in this case, the Guidelines provide a presumption that each MDMA tablet contains 250mg of MDMA, absent any more reliable case-specific information.  U.S.S.G. § 2D1.1 cmt. app. n.9.  Mr. Silouangkhoth argued that, in reality, MDMA tablets typically contain between 10 and 150mg of MDMA.  II R.  26.  Thus, he argued, the PSR's guideline range was too high because the Guidelines overstated the amount of MDMA in each pill.  Id. at 27.

The district court did not agree with Mr. Silouangkhoth on either point.  The court acknowledged that it could deviate from the Guidelines but explained that it was uncomfortable engaging in rulemaking by second-guessing the Guidelines on these issues.  Id. at 40.  The court concluded that the 500:1 ratio accurately represented the harms associated with MDMA.  Id.   The court ultimately sentenced Mr. Silouangkhoth to 60 months' imprisonment.  Id. at 50.  He timely appealed.

Discussion

We review sentencing decisions for abuse of discretion, asking whether the decision was reasonable. Gall v. United States, 552 U.S. 38, 46 (2007). Reasonableness in sentencing contains a substantive and a procedural prong; the procedural prong asks whether the district court erred in calculating or explaining the sentence. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009).

Mr. Silouangkhoth argues that the district court committed procedural error and deprived him of due process by refusing to consider his arguments at sentencing. Aplt. Br. 33, 38, 49 (citing, e.g., United States v. Cerno, 529 F.3d 926, 989 (10th Cir. 2008)). Mr. Silouangkhoth's assertion that the district court did not "truly consider" his arguments is not supported by the record. A sentencing court is not required to provide a lengthy explanation when applying the Guidelines, Rita v. United States, 551 U.S. 338, 356 (2007); here, the record indicates that the sentencing judge listened to and considered Mr. Silouangkhoth's arguments, see id. at 358. The court received his sentencing memorandum, I R. 21, which extensively argued against the 500:1 ratio, admitted two additional exhibits on that issue, II R. 19, and afforded defense counsel the opportunity to argue its position at the sentencing hearing, id. at 26-32. Finally, the court stated, "Having considered the arguments, the Court concludes that the current 500:1 ratio accurately takes into account the seriousness of MDMA." Id. at 40. The court continued:

> In the Court's view, the significance of the drug in question is not as [Mr. Silouangkhorth] would have the Court view it, [that] the ratio is inadequate.  In the Court's view, the most important part about the nature of this drug is that it was, in fact, focused on and targeted to youth almost exclusively.  Id. at 48.

In light of this, Mr. Silouangkhoth is incorrect in stating that the district court "categorically refus[ed]" to consider his arguments.  Aplt. Br. 36.

Mr. Silouangkhoth is correct in pointing out that the district court did not specifically rule on his argument regarding the 250mg typical weight measurement.  Aplt. Br. 38-39.  But, again, a sentencing court does not need to provide much explanation when applying the Guidelines.  Rita, 551 U.S. at 356.  In Rita, the sentencing judge's statements that the Guidelines were not inappropriate and that a sentence at the bottom of the range was appropriate were "legally sufficient."  Id. at 358.  Moreover, the Guidelines instruct that if the weight of the controlled substance is unknown, the typical weight measurement should be used unless there is case-specific information to rebut it.  U.S.S.G. § 2D1.1 cmt. app. n.9.  Mr. Silouangkhoth provided no case-specific information; he challenged only the typical dosage of MDMA.  See II R. 22, 27.  Ultimately, the court heard Mr. Silouangkhoth's arguments, was not convinced, and adopted the Guidelines' recommendation.  See Rita, 551 U.S. at 359.

Finally, Mr. Silouangkhoth argues that the district court committed procedural error by refusing to acknowledge that it was empowered to question

the efficacy of the guidelines and employ a different equivalency ratio. Aplt. Br. 40-41. But the record is otherwise. The court noted that "a sentencing judge who disagrees with the policy or harshness of the Guidelines' advisory conversions may deviate from them," II R. 39, and acknowledged that "the Court has the authority to deviate from the conversion tables as requested by defendant," id. at 40. The district court's decision not to deviate from the Guidelines range does not render Mr. Silouangkhorth's sentence unreasonable. United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007).[1]

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] There is some disagreement among the parties about whether our review should be for plain error, at least on the procedural challenge to the weight-per-unit issue. See Aplt. Br. 45-47; Aplee. Br. 12. Because Mr. Silouangkhoth could not prevail under either plain error or abuse of discretion review, we need not decide the point.